| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | <u>NOT FOR PUBLICATION</u> |
| Naqunne L. Jackson, | <u>MEMORANDUM & ORDER</u> |
| Petitioner | 18-cv-00270 (ERK) |
| – against – | |
| The Commission of the New York State Department of Correction and Community Supervision, | |
| Respondent. | |

KORMAN, *J.*:

The petition for a writ of habeas corpus challenges: (1) the trial judge's denial of petitioner's motion to substitute retained counsel filed at the beginning of a suppression hearing and (2) the trial judge's subsequent denial of his motion at sentencing to replace counsel because of a conflict that petitioner created by filing a frivolous section 1983 action against his assigned counsel. *See* Pet., ECF No. 1 ¶ 15. The petitioner also claims the complaint and indictment against him were defective and that he was deprived a probable cause hearing. *Id.*

These arguments are exhaustively addressed in the memorandum filed by the District Attorney and do not merit extensive discussion. Briefly with respect to the suppression hearing, the trial judge gave a reasoned decision for his refusal to allow the defendant to replace counsel with a lawyer that would be retained by his family.

1

"[P]etitioner did not indicate that the private attorney had actually been retained" nor did he "even say that he or his family had contacted the attorney." Respondent's Memorandum of Law, ECF No. 7 ("Resp't Mem.") at 28. Thus, as the District Attorney argues, "he could offer no reassurances that the attorney was willing and able to represent him, or that petitioner's family was in a position to pay the attorney's fees." Resp't Mem. at 28. The trial judge even advised the petitioner that if the suppression motion were denied, he would allow retention of substituted counsel before trial. The petitioner did not take advantage of this offer and went to trial with his appointed counsel. Under all these circumstances, the trial judge did not abuse his discretion in denying this application. And the Appellate Division's rejection of this claim was clearly correct even without resorting to the significant deference to which it is entitled.

Petitioner's request for appointment of new counsel at sentencing based on a conflict that he created by filing a section 1983 lawsuit against his counsel is likewise without merit for the reasons stated in the memorandum filed by the District Attorney. *See* Resp't Mem. at 34-36. Briefly, it seems clear that "[a] frivolous complaint against an attorney, or one filed for purposes of delay, or even one filed for the purpose of obtaining new counsel, would not create a conflict of interest warranting habeas relief . . . ." Resp't Mem. at 34 (quoting *Mathis v. I-Iood,* 937 F.2d 790,796 (2d Cir. 1991)); *see also* Resp't Mem. at 34-35 (citing cases). Indeed,

2

as the District Attorney correctly observes, by this point in the proceedings, the "petitioner had brought several frivolous *pro se* applications to the trial court, in addition to the motion for the substitution of counsel." Resp't Mem. at 35.  This no doubt explains why the trial judge summarily denied his motion to relieve counsel at sentencing.  Nor did the Appellate Division unreasonably conclude that this denial was not an abuse of discretion under the circumstances.

Moreover, as the District Attorney observes, the Appellate Division "held that petitioner had 'failed to demonstrate that he received less than meaningful representation of counsel at sentencing based on a perceived conflict of interest.'" Resp't Mem. at 36 (quoting *People v. Jackson,* 151 A.D.3d 746, 747 (2017)).  This is the appropriate inquiry because "[a]n 'actual conflict,' for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance." *Mickens v. Taylor,* 535 U.S. 162, 172 n.5 (2002) ("[I]t was at least necessary, to void the conviction, for petitioner to establish that the conflict of interest adversely affected his counsel's performance," *id.* at 174.).  Indeed, as the District Attorney observes, "petitioner has not pointed to a single error by counsel in the sentencing phase of his case, or explained how such an error was caused by the supposed conflict of interest, or demonstrated that he was prejudiced by the purported error." Resp't Mem. at 36.

3

Finally, petitioner claims that the complaint and indictment against him were defective and that he was deprived a probable cause hearing. As observed by the District Attorney, petitioner's claims concern matters of state law that are not cognizable on federal habeas review. *See* Resp't Mem. at 38-46; *see also U. S. ex rel. Tangredi v. Wallack*, 343 F.2d 752, 753 (2d Cir. 1965) (per curiam) ("[F]ederal habeas corpus is not available to test the sufficiency of the indictment."); *Chappelle v. Fisher*, 2008 WL 1724185, at *11 (S.D.N.Y. Apr. 10, 2008) ("A question about whether a felony complaint was jurisdictionally defective is only a question of state law.").

## CONCLUSION

The petition for a writ of habeas corpus is DENIED. I also decline to issue a certificate of appealability.

**SO ORDERED.**

*Edward R. Korman*

Brooklyn, New York  
February 3, 2023

Edward R. Korman  
United States District Judge